**DAOUD A. HAMDALLAH a/k/a DAVID A. HAMDALLAH,
Appellant**

**v.**

**DIANE TRACE WARLICK, ESQUIRE, Individually
and WARLICK & QUIGLEY, P.C., Appellee**

D.C. Civ. App. No. 94-108

District Court of the Virgin Islands

Div. of St. Croix

January 1, 1995

MOORE, *Chief Judge*

## ORDER

This matter is before the Court upon motion by appellee to dismiss this appeal and in opposition to appellant's request to file his brief out of time. Appellant has not responded to the motion. For the reasons stated herein, this Court grants appellee's motion to dismiss for lack of jurisdiction.

The record reflects that appellant appealed the trial court's Judgment dated June 9, 1994 on July 20, 1994. Appellant's Notice of Appeal is dated July 20, 1993, a date that is inconsistent with the record. The Notice refers to the trial court's Judgment dated June 23, 1994. For purposes of this discussion, the Court will take judicial notice that the Notice was filed on July 20, 1994. The Territorial Court distributed the Notice of Entry of Judgment to the

parties on June 23, 1994. Appellee contends that pursuant to Territorial Court Rules 65 and 49, in addition to the Federal Rules of Appellate Procedure, appellant was required to demonstrate excusable neglect and seek leave for filing his appeal after the ordinary thirty day deadline under Fed. R. App. P. 4(a)(5).[2]

Territorial Court Rule 49 states that "[u]pon determination of an action by a judge, the judge shall sign the judgment and the judgment shall take effect forthwith, unless otherwise ordered by the court." Rule 65, entitled "Entry of Judgment," states that "[f]or good cause shown, the entry of judgment may be stayed; otherwise, judgment shall be entered at the time of the entry of the finding of the judge, provided, however, that upon a satisfactory showing that a substantial question of law or fact . . . is involved . . . ." Thus, pursuant to the Rules of the Territorial Court, the Judgment was entered on June 9, 1994.

■ Fed. R. App. P. 4(a) provides that civil appeals shall be filed within 30 days of judgment or order. An additional thirty-day extension is obtainable provided appellant demonstrates excusable neglect or good cause. Appellant, however, did not file a motion to file the appeal out of time.

■ "The timely filing of a notice of appeal is a mandatory jurisdictional prerequisite to the right to appeal." United States v. Grana, 864 F.2d 312, 314 (3d Cir. 1989). Based on this Court's observation that appellant failed to timely file his notice of appeal or the requisite motion demonstrating excusable neglect or good cause, this Court is without jurisdiction to consider the above-captioned appeal.[3]

Accordingly,

---

[2] Appellee also refers to Fed. R. App. P. 4(a)(6), which permits the Court to reopen the time for appeal, **upon motion** filed within 180 days of entry or 7 days of receipt of notice from the clerk, **if** the movant did not receive such notice **within 21 days** of the actual entry. Because nothing in the record indicates that appellant did not receive notice within 21 days, Rule 4(a)(6) is inapplicable.

Appellee also contends that, after two previous extensions, appellant failed to file his brief within the time allotted by the Court. Because we find that this Court lacks jurisdiction to consider this appeal, we do not reach the merits of this argument.

[3] Even if this Court were to liberally construe appellant's error and find that the mistake was a product of excusable neglect, Fed. R. App. P. 4(a)(5) requires that such finding be premised "upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."

IT IS ORDERED:

THAT the above-captioned appeal is DISMISSED for lack of jurisdiction, and the Clerk of the Court is directed to administratively close this file.